Kerry CALDWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 48334.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied Jan. 15, 1985.

James S. McKay, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

After hearing movant's testimony in support of his Rule 27.26 motion the court denied it and movant, hereafter "defendant", appeals.

Defendant had previously pled guilty to robbery and stealing and was sentenced to concurrent ten and two year terms in prison, these to begin when he had completed a prior five year prison sentence.

Defendant now contends his guilty pleas were involuntary because his counsel had failed to investigate and endorse known alibi witnesses.

On this motion defendant was his only witness. He did not call the now challenged trial counsel. Nor does he include his testimony at his pre-trial motion to suppress identification wherein he had allegedly testified he had gotten into the robbery victim's car.

At his guilty plea hearing defendant testified in detail he was fully aware of his legal rights, and specifically admitted: He was satisfied with his counsel, the prosecutor's summary of the state's expected testimony was correct, and he was guilty of both stealing and armed robbery.

At his Rule 27.26 hearing defendant testified his trial counsel had failed to endorse and call known alibi witnesses of whom he had told counsel.

In denying defendant's motion the court found as facts that when pleading guilty defendant had said he was satisfied with his counsel, had no defense to the two charges and that the two suggested defense witnesses were in prison. The motion court concluded there was no evidence there were any credible alibi witnesses, and that defendant had knowingly and voluntarily pled guilty.

In support of his claim of ineffective counsel defendant cites a series of cases, ending with *Mullen v. State*, 638 S.W.2d 304 (Mo.App.1982). Each differs in that an evidentiary hearing had been denied and was remanded for hearing. Here defendant has had a motion hearing, so those cases are not in point.

■ Under Rule 27.26 our review is limited to whether defendant met his burden of showing the denial of his motion was clearly erroneous. *State v. Smith*, 628 S.W.2d 393[1, 2] (Mo.App.1982). The motion court had the right to reject defendant's testimony, as it did, even though no contrary testimony had been offered. *Cherry v. State*, 660 S.W.2d 361[7] (Mo. App.1983).

■ Considering the motion court's findings, detailed above, we conclude defendant's trial counsel was competent and that defendant had voluntarily and knowingly pleaded guilty.

Affirmed.

REINHARD, C.J., and CRIST, J., concur.