Donald **BAILEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 52774.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 30, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Michael David Burton, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant Donald Bailey appeals denial of Rule 27.26 post-conviction relief without an evidentiary hearing. Movant sought relief from sentences after pleas of guilty to charges of burglary first degree, a Class "B" felony, burglary second degree, a Class "C" felony, and stealing over $150, a Class "C" felony. The only claim of error is that movant's guilty pleas were involuntary and coerced due to his trial attorney's failure to investigate the case and contact alibi witnesses. We affirm.

Pursuant to a plea bargain arrangement movant offered his pleas of guilty and the state recommended a total prison term of nine years. The court accepted the pleas after lengthy interrogation and subject to a pre-sentence investigation. The court advised movant that if he failed to return for sentencing he could be sentenced to a maximum prison term allowed by law. Movant failed to appear for sentencing and a capias was issued for his arrest. When apprehended, he was sentenced to serve a term of fifteen years imprisonment for the first degree burglary charge and five year terms on the burglary second and stealing charges, which were made concurrent to each other, but consecutive to the first degree burglary sentence.

Our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). Movant bears the burden of showing that denial of his 27.26 motion was clearly erroneous. *See, Caldwell v. State*, 682 S.W.2d 52, 53 (Mo.App.1984). In those cases in which an accused pleads guilty to an offense, effectiveness of counsel is material only to the extent of determining whether the ineffectiveness affected the voluntariness of the plea. *Sanders v. State*, 716 S.W.2d 844, 845 (Mo.App.1986). The question presented is whether movant's trial counsel was ineffective for failure to render services that conform with the degree of skill and competence required of a reasonably competent attorney; that movant was prejudiced, *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); and, as a result, movant's pleas of guilty were involuntary. We find the decision of the trial court denying relief supported by the record. It follows that the decision was not clearly erroneous. We affirm.

We first observe that no evidentiary hearing was required. The record at the time of the plea of guilty indicates that it was knowing and voluntary. *See, Williams v. State*, 718 S.W.2d 542, 544 (Mo.App.1986). Movant's argument for the necessity of an evidentiary hearing on this factual matter is without merit. An evidentiary hearing may be denied if the motion court can determine from the files, transcripts and records that, as a matter of law, movant is not entitled to relief. *Cathy v. State*, 644 S.W.2d 392, 392 (Mo.App. 1982).

The transcript of the proceedings during which movant entered pleas of guilty refutes movant's claim of coercion

by a failure of counsel to perform. The motion court reviewed the plea transcript and found movant was permitted time to confer with his attorney, was fully appraised of his legal rights by counsel, intelligently responded to the criminal charges, was satisfied with his trial counsel, and knowingly and voluntarily entered pleas of guilty to the charges. Movant claims he was coerced into pleading guilty because his counsel failed to interview witnesses. Nothing in the record indicates that movant's plea was based on the fact his counsel failed to interview witnesses. He does not allege facts to show he would not have agreed to the negotiated plea without his attorney's failure or refusal to question witnesses. The plea was based on a bargain for the recommendation of a limited sentence. Movant's claim of coercion resulting from the failure of trial counsel to perform any act is inconsistent with his expression of satisfaction with trial counsel. In addition, the plea transcript acknowledges criminal responsibility for the acts charged which tests movant's claim that trial counsel could have established an alibi defense by interviewing witnesses. The transcript at the plea hearing indicates movant entered a plea of guilty because he was guilty and not because the evidence was overwhelming and a viable defense was unavailable because of a breach of duty by trial counsel, or otherwise.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.