David T. STINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53336.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 23, 1988.

Application to Transfer Denied
May 17, 1988.

Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Did the motion court err in denying appellant-movant post-conviction relief without an evidentiary hearing where movant requested the court to withdraw a finding of persistent offender in connection with concurrent eight year sentences on the charges of burglary second degree and stealing over $150? The answer is no.

On October 15, 1984 defendant entered "Alford" pleas to the charges. The charges are class "C" felonies. The authorized maximum punishment on each charge as a persistent offender was fifteen years in the penitentiary. Pursuant to a plea agreement the state recommended a sentence of eight years in the penitentiary on each count, the sentences to be concurrent. Movant does not contest that he committed the offenses nor does he contest the sufficiency in available proof that he committed the offenses. Movant does not contest the plea agreement for concurrent eight year sentences recommended by the prosecution which was accepted and ordered by the trial court. The narrow issue presented by the motion and on appeal is that the plea was involuntary solely because he was found to be and sentenced as a persistent offender. The motion alleges movant was not informed that persistent offender evidence and findings would be part of the plea proceeding.

At the time of the plea movant was twenty-seven years of age. After completing the tenth grade he began working. He also went back to school, including college for one semester. We find movant's factual claim, alleged in the motion, fully refuted by the record. At the plea hearing the trial court asked movant if he had been advised by his counsel "with reference to the charges." He acknowledged that he had.

During a lengthy interrogation of defendant the court noted that the state had "by amended information, some time back, filed in January of '84, added the persistent offender. Is it necessary, or something we should go into at this stage?" In response the prosecutor marked and offered three judgments and sentences of the defendant in which defendant had on three separate occasions in the City of St. Louis pled to felonies, one being robbery and the other two being burglary second degree. The court inquired if defense counsel had seen these exhibits. Counsel answered, "[y]es, Your Honor, I have shown them to my client just a few minutes ago and he has been able to look at these, that is his name and *he agrees and stipulates* that these are his prior convictions from the City of St. Louis." (our emphasis). After the exhibits were stipulated into evidence the court said for the record, "[s]o it would appear to the court then that the court can find and does find that the defendant, Mr. Stinson, is a persistent offender.... Do you have any questions about that, Mr. Stinson?" Movant responded, "No." This exchange constitutes substantial evidence which fully refutes movant's factual claim that he was misled by the Assistant Prosecuting Attorney or his own trial counsel or that the proceedings were contrary to any promise made to movant by either of them.

This record specifically refutes the allegation in the motion for post-conviction relief that "[m]ovant never learned that the state had indeed charged him as a persistent offender until his initial meeting with the parole board." The pleading and proof of persistent offender status was an integral part of the plea proceedings and movant was fully informed and involved in that part of the plea hearing. No evidentiary hearing was required to fully refute movant's factual allegations. Rule 27.26(e); *Bailey v. State*, 738 S.W.2d 577, 578 (Mo. App.1987).

The findings, conclusions and judgment of the motion court were fully supported and not clearly erroneous. *Bailey*, 738 S.W.2d at 578.

We affirm.

SMITH and KELLY, JJ., concur.