**Willie Lee BROWN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 53483.**

Missouri Court of Appeals, Eastern District, Division Two.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied July 26, 1988.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant appeals following the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant sought post-conviction relief under Rule 27.26 after pleading guilty to the charges of assault with intent to do great bodily harm, escape from custody, second degree assault, and illegal sale of a controlled substance. The motion court concluded movant's motion stated no claim for relief under Rule 27.26 and thus that an evidentiary hearing was not necessary.

On appeal movant contends the motion court erred in denying an evidentiary hearing on movant's Rule 27.26 motion in that movant pleaded sufficient factual allega-

tions of ineffective assistance of counsel to warrant a hearing. Movant pleaded his trial counsel was ineffective because she refused to request a psychological examination when it was clear that movant requested such an examination. According to movant, the need for a psychological examination is supported by the transcript of movant's guilty plea hearing in which appellant referred to himself as "we."

 Our review of a Rule 27.26 proceeding is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). In order to be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, warranting relief, those facts must raise matters not refuted by the files and records in the case, and the matters complained of must have resulted in prejudice to the movant. *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App.1986). Where movant has pleaded guilty to an offense, a claim of ineffective assistance of counsel is material only in determining whether the alleged ineffectiveness affected the voluntariness of movant's plea. *Bailey v. State*, 738 S.W.2d 577, 578 (Mo.App.1987).

There is no routine duty on counsel to request a psychiatric examination of a client. "A mental examination is not required unless there is evidence or there are circumstances raising a reasonable doubt about the defendant's mental competence." *Campbell v. State*, 532 S.W.2d 844, 848 (Mo.App.1975). The fact that movant occasionally referred to himself as "we" during the guilty plea hearing is not indicative of mental incompetence.

Moreover, movant does not contend that counsel's failure to request a psychological examination affected the voluntariness of his guilty plea. At the guilty plea hearing the trial court specifically asked movant whether his desire to have a mental examination affected his ability to understand the charges he was pleading guilty to or the nature of the offense and movant replied "no." The only reason movant gave for wanting a mental examination was that he believed he should have his head examined because he should not constantly do the same thing if he did not need help.

Movant has failed to plead facts not refuted by the record which, if true, would entitle him to relief. The motion court's denial of movant's motion without an evidentiary hearing was not clearly erroneous.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.