**Jackie COWANS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 41353.**

Missouri Court of Appeals,
Western District.

Aug. 29, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

SHANGLER, Presiding Judge.

The movant Cowans brought a motion under Rule 24.035 to set aside a conviction and seven-year sentence rendered upon a plea of guilty to the sale of marihuana. The plea was entered on May 23, 1988, and the movant was received by the department of corrections on May 24, 1988. The

motion under Rule 24.035 was marked *filed* by the clerk of the trial court on August 25, 1988—ninety-two days after the movant was delivered to the custody of the department of corrections.[1]

At the hearing on the Rule 24.035 motion as amended by appointed counsel, and before the reception of evidence, the State moved to dismiss the proceeding on the ground that the movant had waived the right to relief under the rule by failure to file the motion within the time prescribed. The movant acknowledged to the court that he was advised upon the plea of guilty that a postconviction motion must be filed within ninety days after custody in the department of corrections. He acknowledged also that the date of that event was May 24, 1988, and that the motion was marked as filed with the clerk of the trial court on August 25, 1988—more than ninety days later.

The movant contended to the hearing court, nevertheless, that the motion to vacate the judgment of conviction was deposited in the prison mailbox in time to meet that exigency of the rule, but that the neglect of the institution authorities to "send the mail out of the prison" prevented strict compliance. He argued that the failure to file a motion within the literal 90 day limit of Rule 24.035 was, under the circumstances, not a waiver of right but, at most, excusable neglect, and hence cause under the rules of civil procedure for the court to enlarge the time for compliance. Indeed, the procedure before the trial court on a motion to vacate a conviction of a felony on a plea of guilty, by express provision, is "governed by the Rules of Civil Procedure insofar as applicable." Rule 24.035(a). Rule 44.01(b) provides:

> When by these rules or by a notice given or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, but it may not extend the time ... for commencing civil action.

It is that component of the rule of procedure the movant invokes to give effect and validity to the motion as filed, tardy by two days.

The hearing court took evidence on the motion of the State to dismiss the proceeding as out of time under Rule 24.035(b) and of the movant to enlarge the time for compliance because the failure to act was the result of excusable neglect [presumably] under Rule 44.01(b). The evidence consisted of the testimony of movant Cowans. He acknowledged, as we note, that the court informed him at the guilty plea that any right to contest the conviction under Rule 24.035 would expire 90 days after delivery of custody to the department of corrections. He acknowledged also that 92 days elapsed between the date of imprisonment and the receipt of his motion to set aside the conviction by the clerk of the trial court.

His excuse contention was that, although the motion form was completed and notarized by July 20, 1988, and then deposited in the mailbox three days before the expiration of the 90 day period—and so sufficient for timely receipt by the clerk of the trial court—the prison authority simply failed to forward the mail. The actual responses of the movant, however, particularly as elicited by cross-examination, were vague and doubtful:

Q. Well, do you know how many days before the end of the 90 days you tried to send it in?

A. It was two, two or three days before then. It could have got here early. That's what I'm saying. They had a doing, I think it was Wednesday or Thursday, *Wednesday through Friday* where about—it was then that

---

1. The relevant component of Rule 24.035(b) provides:

> The motion shall be filed within *ninety days* after the movant is delivered to the custody of the department of corrections. *Failure to file*

*a motion within the time* provided by this Rule 24.035 *shall constitute a complete waiver of any right to proceed under this Rule 24.035.* [emphasis added.]

they didn't work and *didn't no mail get out.*

Q. So there were two or three days at least down there at—where—at the prison where you were located where mail was not going out; is that what you're saying?

A. Yeah, they—yeah. I think it was some kind of holiday or something and they did not work, work or something that day—that week.

. . . .

Q. Okay. Where was the delay then in getting it in?

A. It was when they had—Okay. *The two days that they did not work, mail did not go out,* so that's where the delay was. Because the mail didn't go out then until like, okay. *It didn't go out Thursday, well Friday,* then the week-end, Monday—

. . . .

Q. And when you attempted to mail it, you were unable to; is that what you're saying?

A. No, I had it—

Q. You had to wait?

A. Huh-uh. I had it in the mail box, but I just had—

Q. But it just didn't go on out?

A. Yeah. *It just didn't go out. It had to wait till the mailman come and get it and take it out.* [emphasis added.]

Another response from Cowans was that he delivered the motion to his caseworker to mail, four or five days before the 90 days were up, but he returned it to Cowans because there was not sufficient postage. Cowans then mailed it that same night, about *one or two days* before the 90 days expired. Still another response was that the deposit in the mail box was made "[a]nywhere from the 18th to the 21st day of August"—or from *five to two days* before the expiration of the filing period.

The court found from the evidence that the Cowans postconviction motion was notarized on July 20, 1988, and that the contention that the "filing was late because of two-to-three-day delay in mailing [was] not

credible." The court found also that the failure by Cowans to file within 90 days of imprisonment as required by Rule 24.035(b) was a waiver of the right, and sustained the motion of the State to dismiss the proceedings. The court expressly denied the Cowans request to file the Rule 24.035(b) motion out of time.

The movant repeats on appeal the contentions made to the hearing court: The dismissal of the Rule 24.035 motion was erroneous because, although the movant deposited the postconviction motion in the mailbox in sufficient time for effective filing with the clerk of the trial court, the prison authority neglected to send out the mail. Alternatively, under the circumstances, his conduct was at worst an excusable neglect, subject to remedy under Rule 44.01 by an extension of time, and so the denial of the motion to file out of time was error.

A movant bears the burden to prove by a preponderance of the evidence the grounds for relief raised in the postconviction motion. Rule 24.035(h). A finding of fact entered by the trial court against a pleaded contention determines that the movant has failed to meet the burden of proof on that issue. *Caldwell v. State,* 682 S.W.2d 52[1] (Mo.App.1984). Appellate review of the order of the trial court on the postconviction motion is limited to a determination of whether the findings and conclusions entered by the trial court are clearly erroneous. Rule 24.035(j); *Smith v. State,* 628 S.W.2d 393, 394[1, 2] (Mo.App.1982).

■ The first point of alternative error impugns the finding of fact that the contention that the postconviction motion was received out of time because the prison authority delayed the transmittal of the mail by two or three days was not credible. The testimony of the movant Cowans was the only evidence on that issue. It was a jumble of contradiction. The premise of the complaint was the neglect of the prison authority to dispatch the mail, yet his own testimony attributed that responsibility to the governmental mail function and the lapse to the failure of "the mailman [to] come and get it and take it out." That

lapse in the usual mail pickup routine, in turn, was attributed to some unspecified holiday event when work was excused for both prison and mail personnel. If so, of course, the finder of fact could conclude it was a delay in the mail routine the movant was expected to anticipate and allow for. It was his narrative also that he delivered the motion to his caseworker for deposit in the mail four or five days before the expiration of the ninety day period, but without sufficient postage. Had the motion been mailed then, even by his own account, it would have avoided the mail delay and arrived at the trial court in time for effect. In addition to all of that, the motion was ready for mailing in July, a month before, but for some reason was not sent.

The finding of the postconviction court that the contention that the filing was late because of the neglect of the prison authority was not credible rests on substantial evidence and is not clearly erroneous.

■ There remains the contention of alternative error, that the conduct of the movant was at worst an excusable neglect subject to remedy under Rule 44.01(b) by an extension of time, so that the denial of the motion to file out of time was error. The contention presupposes that Rule 44.01(b) appertains to the direction of Rule 24.035(b) that the postconviction motion *shall be filed within ninety days after the movant is delivered to the custody of the department of corrections* so that the excusable neglect of the movant to comply allays the cognate provision of the rule that the failure to file a motion within that time *shall constitute a complete waiver of any right to proceed under Rule 24.035.* We determine, as does the implicit hearing court judgment, that Rule 44.01(b) does not interrelate with Rule 24.035(b) and so does not operate to extenuate the failure to file a postconviction motion after expiration of the ninety-day period.

It is an express provision that a proceeding on a postconviction motion is governed by the Rules of Civil Procedure, but only *insofar as applicable.* Rule 24.035(a) and Rule 29.15(a). Rule 44.01(b) of course, is a component of our rules of procedure. The question is whether Rule 44.01(b) impinges on Rule 24.035(b). We determine that it does not. Rule 44.01(b) withholds the authority of a court to extend the time *for commencing civil action* where the failure to act was the result of excusable neglect. The filing of a motion for postconviction relief under Rule 24.035 is the *commencement of civil action.*

The argument movant Cowans appears to intend is that rule 44.01(b) applies to motions, a proceeding under Rule 24.035 is a motion, therefore Rule 44.01(b) applies to all phases of the Rule 24.035 remedy. Indeed, the rules designate the pleading to initiate a postconviction proceeding as a *motion,* as does the form prescribed by the rules for that purpose. Rule 24.035, Rule 29.15, Criminal Procedure Form No. 40. The displaced procedure, Rule 27.26, made explicit that "a motion filed hereunder is an independent civil action." Rule 27.26(a). The decisions confirmed that a motion brought under that procedure was, in character, an independent civil action. *Warren v. State,* 501 S.W.2d 173, 175[1, 2] (Mo. 1973). The present counterparts, Rule 24.-035 and Rule 29.15, do not use that terminology to describe the postconviction motion. It is on that lapse, we assume, that the movant rests the validity of the contention that Rule 44.01(b) applies to enlarge the time to file the motion where the failure to act was the result of excusable neglect.

It is the legal character of a pleading, however, that determines its quality and function, and not its attributed title. And its legal character is determined by the subject matter. "It is only necessary to state the facts of a pleading, as the law gives it the proper name and effect." *J.R. Watkins Company v. Hubbard,* 343 S.W.2d 189, 195[4] (Mo.App.1961). Thus, a pleading, although designated a *motion,* will function in substance as an independent civil action or proceeding. *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883, 888 (Mo. banc 1987).

It is the purpose of Rule 24.035 and Rule 29.15, no less than that of former Rule 27.26, to provide a special procedure for

postconviction review of challenges by state prisoners to the validity of convictions and sentences. *Day v. State,* 770 S.W.2d 692, 693 (Mo. banc 1989). A postconviction proceeding under the present rules, as under the former rule, culminates in a judgment from which an appeal may be taken. Rule 24.035(i) & (j); Rule 29.15(i) & (j). That is to say, although the present rules designate the pleading that initiates the postconviction proceeding as a *motion,* the subject matter of the claim that the pleading formulates and the court entertains is identical to the subject matter of the claim of the *independent civil action* adjudicated under the former rule. In very legal effect a motion that initiates a postconviction proceeding under Rule 24.035 and Rule 29.15, therefore, is the *commencement of a civil action,* and so is excluded from the operation of Rule 44.01(b).

The time limitation the movant argues is subject to the extenuation of Rule 44.01(b) —that "[t]he motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections"—is among the several Rule 24.035 and Rule 29.15 impose, and Rule 27.26 lacked. Their purpose is to avoid delay in the processing of motions and the litigation of stale claims, concomitants of a procedure that allowed a postconviction claim to be filed at any time. *Day v. State,* 770 S.W.2d at 693. The direction of Rule 24.-035(b) [and comparably, of Rule 29.15(b)] that the motion be filed within ninety days of imprisonment is akin to a statute of limitations. The time limit the rule imposes is mandatory and preemptive. *Id.* at 695. The consequence of noncompliance is the waiver of all right to proceed under the rule. *Id.;* Rule 24.035(b).

The Cowans motion was received by the clerk of the trial court more than ninety days after he was delivered to the custody of the department of corrections. Cowans waived the right to proceed under Rule 24.035 by the neglect to initiate the action within the time prescribed by the rule. It is a neglect, moreover, that appertains to the *commencement of civil action,* and so not subject to excuse or melioration by Rule 44.01(b). The order of the trial court

to deny the motion to enlarge time was not clearly erroneous.

The judgment to dismiss the Cowans postconviction motion is affirmed.

All concur.