James Paul WRIGHT,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16399.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 1990.

Ellen H. Flottman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

On December 9, 1987, James Paul Wright, to whom we shall refer as the defendant, pled guilty to a charge of second-degree murder in violation of § 565.021.1, RSMo 1986. Defendant's punishment was assessed at imprisonment for life. He was delivered into the custody of the Department of Corrections on January 19, 1988, having been specifically advised in writing that he had a right to file a motion to vacate his sentence pursuant to Rule 24.035. The defendant was particularly advised that it was necessary to file the motion within 90 days after he was delivered into the custody of the Department of Corrections.

On May 13, 1988, the defendant filed a motion for leave to file a motion to vacate his plea out of time. As grounds for an extension of time the defendant averred that he was incapable of preparing a motion to vacate and that the legal inmate staff was too overburdened to complete the motion on time. On May 16, 1988, the motion court denied defendant's motion for an extension of time because, among other things, the defendant was delivered to the Department of Corrections on January 19,

1988, and the motion was not filed until May 13, 1988, 115 days after the defendant was delivered to the Department of Corrections. The court held it had no authority to extend the time for filing a motion to vacate pursuant to Rule 24.035 because more than 90 days had elapsed since the defendant was delivered to the Department of Corrections. Other findings were made and incorporated in the motion court's order, but those findings may, in the circumstances, be disregarded as surplusage.

■ The defendant thereafter filed a petition for a writ of habeas corpus in the United States District Court pursuant to 28 U.S.C.A. § 2254. That court held that the defendant had not exhausted his state remedies because he had not sought leave to appeal out of time pursuant to Rule 30.03. The defendant thereafter requested and this court granted leave to appeal out of time. The defendant was asked to address the appealability of the order denying an extension of time in which to file a motion to vacate judgment pursuant to Rule 24.035. Citing *Elliott v. Harris*, 423 S.W.2d 831, 832 (Mo.banc 1968), the defendant contends that the order denying leave to file his motion to vacate his guilty plea "completely and utterly" disposes of the case and is therefore final and appealable. Upon the facts presented, we agree even though the order is only a ruling upon a motion. The trial court has held, in effect, that even if a meritorious motion to vacate were filed, it could not entertain it. Whether a judgment or order is final and appealable is determined by what is actually done according to the content, substance and effect of the judgment or order. *Starnes v. Aetna Casualty and Surety Company*, 503 S.W.2d 129, 131[2–5] (Mo.App.1973); 4 C.J.S. Appeal & Error § 94b, pp. 265–66 (1957). The trial court's finding disposed of the entire controversy; the order entered is therefore final and appealable within the intent of § 512.020, RSMo 1986. We affirm the order or judgment entered.

■ A great deal of the law applicable to this case has been determined by our colleagues at Kansas City in *Cowans v. State*, 778 S.W.2d 758 (Mo.App.1989). In that case, it was determined that the commencement of a postconviction proceeding pursuant to Rule 24.035 constitutes the commencement of a civil action, and it was noted that Rule 44.01(b) forbids the enlargement of time for filing a civil action. *Cowans*, 778 S.W.2d at 761–62. The time limit imposed by Rule 24.035(b) is mandatory and preemptive. *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989), cert. denied sub nom., *Walker v. Missouri*, — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Cowans*, 778 S.W.2d at 762. Both *Day* and *Cowans* hold that failure to file a Rule 24.035 motion within the time limited by Rule 24.035(b) constitutes a procedural default which cannot be cured. *Day*, 770 S.W.2d at 695; *Cowans*, 778 S.W.2d at 762. The effect of the motion court's ruling is simply to state the law as our courts have stated it; the defendant's remedy has been extinguished by expiration of the time limited in Rule 24.035(b). To reiterate, defendant's procedural default cannot be cured. The judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concurs.