Teddy D. MATTHEWS, Appellant,

v.

STATE of Missouri, Respondent.

No. 18447.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 20, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We affirm.

In the underlying criminal case, movant was charged with sexual abuse in the first degree. § 566.100, RSMo Supp.1991. On January 21, 1992, he entered a plea of guilty without the benefit of a plea agreement.

On April 27, 1992, movant was sentenced to a term of five years' imprisonment. The judgment entered that day further stated the following: "Court orders report pursuant to Section 559.115 RSMo [1] to be filed to consider shock detention."

On September 16, 1992, movant filed a motion entitled "Notice of Filing Direct Appeal & 24.035." In this motion, movant alleged that his judgment and sentence were improper, illegal, and unconstitutional and requested that his conviction and sentence be vacated, set aside, or corrected. Movant further requested a copy of his guilty plea transcript and case file in order to provide the court with each and every ground upon which

he was seeking relief. Finally, movant requested the appointment of counsel to assist him in the preparation of his case.

On October 5, 1992, the motion court denied movant's motion and entered findings of fact and conclusions of law as required by Rule 24.035(i). The court found, *inter alia*, that after his guilty plea movant was delivered to the department of corrections on April 27, 1992, and that his motion was not filed until September 16, 1992.[2] The court concluded that movant's motion was untimely filed under Rule 24.035 and, as a result, movant had waived his right to proceed under the rule.

Movant's single point on appeal attacks the dismissal of his motion, alleging that the time limits in Rule 24.035 operate to deny his due process rights, especially when the trial court had retained jurisdiction under § 559.115. Movant asserts that he withheld filing his motion for postconviction relief fearing that such action would alienate "the judge who would then not grant probation."

■ Our review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j); *Edmonds v. State*, 819 S.W.2d 90, 91 (Mo.App.1991). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Rule 24.035(b) provides that a motion under this rule "shall be filed within ninety days after the movant is delivered to the custody of the department of corrections." The time limitation in this rule is valid, mandatory, reasonable, and serves the legitimate end of avoiding delay in the processing of prisoners' claims. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107

---

1. Under § 559.115.2, RSMo Supp.1991, a circuit court has "the power to grant probation to a defendant anytime up to one hundred twenty days after he has been delivered to the custody of the department of corrections," and the court "may request information and a recommendation from the department concerning the defendant and his behavior during the period of incarceration."

2. The court further found that movant's motion was received by the circuit clerk on August 31, 1992, but that even if the motion had been filed that day, more than ninety days had passed since defendant's delivery to the department of corrections.

L.Ed.2d 141 (1989). Failure to file a timely motion procedurally bars a movant from seeking relief under the rule. *Thomas v. State,* 808 S.W.2d 364, 365 (Mo. banc 1991). Furthermore, the time limitation in Rule 24.-035(b) does not violate a movant's right to due process. *Johnson v. State,* 818 S.W.2d 656, 657 (Mo.App.1991).

Movant does not dispute that he was delivered to the department of corrections on April 27, 1992; nor does he claim that his motion was filed earlier than August 31, 1992. Clearly, movant's motion was untimely filed, and the motion court committed no error in so finding.

■ Despite the untimeliness of his motion, movant suggests that the time limits of the rule should be "tempered" in this case since the trial court was considering him for "shock probation." Movant argues that he was "placed in the quandary" of either not timely filing a Rule 24.035 motion, hoping for probation after 120 days, or filing such motion and risk alienating the judge which would "doom" his opportunity for probation.

Movant overlooks that we are constitutionally controlled by decisions of the Missouri Supreme Court. Mo. Const. art. V, § 2; *Lestourgeon v. State,* 837 S.W.2d 588, 591 (Mo.App.1992). Both *Day* and *Thomas* require that we hold steadfast to the time limitation contained in Rule 24.035(b).

■ Movant's point also alleges that the motion court erroneously failed to appoint counsel for him as required by Rule 24.-035(e). Movant's failure to file a timely motion constitutes a complete waiver of his right to proceed under the rule. Rule 24.-035(b); *Johnson,* 818 S.W.2d at 657. The motion court is only required to make findings of fact and conclusions of law sufficient to support the dismissal of an untimely motion. *Id.* Because timeliness was the dispositive issue concerning movant's motion, nothing else was before the court.

The judgment is affirmed.

PARRISH, C.J., and SHRUM, J., concur.