Michael **LEATHERWOOD**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 19762.

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Michael Leatherwood ("Defendant") appeals from an order dismissing his motion for postconviction relief under Rule 24.035.[1]

Pursuant to a plea agreement, Defendant pled guilty to assault in the first degree. § 565.050, RSMo 1986. The prosecutor recited the agreement to the plea court:

"[I] agreed to recommend a 10–year sentence and that the Court exercise its discretion and release him on supervised probation for five years after serving 120 days. This will be concurrent with a sentence that he is now on parole on...."

The plea court addressed Defendant:

"I'll tell you that although I am not bound to follow the State's recommendation in a plea-agreement case that in your case I will. So you now know what your punishment will be if you wish to proceed with your guilty plea...."

Defendant pled guilty, after which the plea court said:

"Mr. Leatherwood, it is the judgement of this Court that you shall be sentenced to a 10–year term in the Missouri Department of Corrections. I will request a progress report for the 120–day recommendation, but as long as that recommendation shows no major problems while you are in the penitentiary, I'll exercise my 120–day discretionary review authority and upon your release from the penitentiary you will be placed on supervised probation for the remainder of five years."

Although the record does not show the date Defendant was delivered to the custody of the Department of Corrections, Defendant's brief says: "[Defendant] reported to the Missouri Department of Corrections on September 21, 1993." The State's brief says: "[Defendant] was incarcerated on September 21, 1993."

On February 24, 1994, Defendant filed a pro se motion to vacate the judgment and sentence. The face of the motion showed he was imprisoned at "Algoa Correctional Center." Obviously, he had not received probation after serving 120 days of his sentence. See: § 559.115.2, RSMo Cum. Supp.1990.

Defendant's motion averred he received ineffective assistance of counsel in the plea court in that his lawyer failed to inform him that he "was not going to get the 120 days shock probation." Additionally, the motion pled the plea court "based its findings on a report sent by the Missouri Department of Corrections that had false information concerning [Defendant's] sentences that he was severing [sic] and the charges that are discussed in this petition."

The motion court appointed counsel for Defendant. On May 27, 1994, Defendant's counsel filed a document in the motion court stating counsel did not intend to amend Defendant's pro se motion of February 24, 1994, and requesting the motion court to "consider the case as submitted on the pleadings."

The motion court found Defendant filed his pro se motion more than ninety days after he was delivered to the Department of Corrections. The motion court held Defendant had consequently "waived his rights under ... Rule 24.035 due to the late filing of said Motion to Vacate."[2] As reported earlier, the

---

1. Rule references are to Missouri Rules of Criminal Procedure (1994).

2. Rule 24.035(b) reads, in pertinent part:
   "... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

motion court dismissed the motion; this appeal followed.

The first of the two points relied on in Defendant's brief maintains the motion court erred in dismissing the motion in that Defendant "had good cause for his late filing, since his allegations pertain to the denial of his 120–day shock probation, which was part of the plea agreement." The point also asserts the deadline imposed by Rule 24.035(b) denied Defendant due process of law as guaranteed by the United States and Missouri constitutions in that "the rule makes no provision for the late filing of a postconviction motion for good cause shown."

We first address Defendant's claim that he had "good cause" for failing to file his motion for postconviction relief within ninety days after delivery to the Department of Corrections.

Defendant argues he could not have filed his motion within ninety days after delivery to the Department of Corrections because the probation he was to receive per the plea agreement was to begin only after he had been imprisoned 120 days. In Defendant's words, "[I] was in a catch–22 situation, and the Rule makes no provision to rectify it."

Defendant is correct about the dilemma in which he found himself. However, that does not mean the motion court erred in failing to grant relief under Rule 24.035.

■ The State correctly points out that Rule 24.035 contains no authority for extension of the deadline for filing a motion for postconviction relief. *White v. State,* 779 S.W.2d 571, 572[1] (Mo. banc 1989). That is, the rules for postconviction relief make no allowance for excuse. *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991).

■ Because Defendant filed no motion for postconviction relief within ninety days after delivery to the Department of Corrections, he waived his right to seek relief under Rule 24.035. *Matthews v. State,* 863 S.W.2d 388, 390 (Mo.App.S.D.1993); *Matlock v. State,* 859 S.W.2d 275 (Mo.App.E.D.1993). Accordingly, we hold the motion court was correct in dismissing Defendant's motion as untimely.

■ Defendant's other complaint in point one is that the filing deadline in Rule 24.035(b) is unconstitutional. That issue has not been preserved for review. To preserve a constitutional question, a party must, among other things, raise the issue at the first opportunity and specify the sections of the constitution allegedly violated. *State v. Pullen,* 843 S.W.2d 360, 364[8] (Mo. banc 1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 200, 126 L.Ed.2d 158 (1993).

Defendant does not cite, and we cannot find, anyplace where the record shows he attacked the constitutionality of the filing deadline of Rule 24.035(b) in the motion court. Indeed, as set forth *infra,* Defendant alleges the lawyer who represented him in the motion court rendered ineffective assistance in failing to preserve that issue for appellate review.

■ Furthermore, even had the issue been preserved, it would be futile. Defendant concedes the Supreme Court of Missouri rejected a constitutional challenge to the time limitations of Rule 24.035 in *Day v. State,* 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Defendant nonetheless raises the issue for purpose of preservation in the event a federal court renders a decision contrary to *Day.*

We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *State v. Simpson,* 813 S.W.2d 323, 323[2] (Mo.App.S.D.1991), *cert. denied,* 502 U.S. 1109, 112 S.Ct. 1209– 10, 117 L.Ed.2d 448 (1992). Consequently, we would have had to deny Defendant's constitutional attack on the filing deadline of Rule 24.035(b) had it been preserved.

■ Defendant's second point charges the motion court with error in failing to ensure that the lawyer appointed to represent Defendant in the motion court ("motion counsel") "fully complied with the mandates of Rule 24.035." Defendant asserts this error denied him effective assistance of counsel in the motion court in that motion counsel (a)

waived the filing of an amended motion, (b) did not request an evidentiary hearing, and (c) failed to preserve for appellate review the contention that the filing deadline of Rule 24.035(b) is unconstitutional.

As to complaints "(a)" and "(b)," any attempt by motion counsel to file an amended motion and any request by motion counsel for an evidentiary hearing would have been futile inasmuch as Defendant's pro se motion was untimely, a fatal defect that motion counsel could not have cured. *Wright v. State*, 787 S.W.2d 338, 339[2, 3] (Mo.App.S.D.1990). As emphasized in our discussion of Defendant's first point, he waived his right to seek postconviction relief under Rule 24.035 by failing to file a motion for such relief within ninety days after delivery to the Department of Corrections. Because Defendant was procedurally barred from postconviction relief under Rule 24.035, he could not have been prejudiced by any inattention or lack of diligence by motion counsel.

A similar analysis applies to complaint "(c)" of Defendant's second point. As explained in our discussion of his first point, we would have had to deny a constitutional challenge to the filing deadline of Rule 24.035(b) had Defendant presented one. Consequently, he was not prejudiced because motion counsel failed to raise the issue in the motion court.

The order dismissing Defendant's motion for postconviction relief is affirmed.

GARRISON, P.J., and PARRISH, J., concur.