## Michael D. SCOTT, Appellant,

v.

## STATE of Missouri, Respondent.

### No. 20720.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 10, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On February 15, 1995, Appellant pled guilty to four felonies and was sentenced to three concurrent ten-year prison terms and one five-year term, the latter sentence to run consecutively to the other three. He was delivered to the custody of the department of corrections on or before March 2, 1995, to serve those sentences.[1]

On June 19, 1995, Appellant commenced the instant proceeding by filing a motion to

---

1. Appellant's motion to vacate shows he was delivered to the custody of the department of corrections February 23, 1995. A document filed by his lawyer in the motion court alleges he was not delivered that date, but "six (6) to seven (7) days later." The seventh day after February 23, 1995, was March 2, 1995.

vacate the judgment and sentences[2] per Rule 24.035.[3] After the motion court appointed counsel for Appellant, the State filed a motion to dismiss without an evidentiary hearing on the ground that Appellant's motion was untimely. Appellant's lawyer filed a response asserting, among other things, that Appellant's constitutional right to due process of law was violated by Rule 24.035's filing deadline.

■ The motion court granted the State's motion to dismiss without an evidentiary hearing. Appellant brings this appeal. His sole point relied on is:

"The motion court clearly erred in dismissing Appellant's Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny Appellant his right to due process of law as guaranteed by the [United States and Missouri constitutions] in that the rule makes no provision for the late filing of a postconviction motion for good cause shown. Appellant was prejudiced in that he was denied review on the merits of his 24.035 motion."

Rule 24.035(b), attacked in Appellant's point relied on, reads, in pertinent part:

" ... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Appellant concedes the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. However, he tells us he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

In *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Supreme Court of Missouri held the time limitation in Rule 24.035(b) is constitutional and mandatory. We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *State v. Simpson*, 813 S.W.2d 323, 323[2] (Mo.App. S.D.1991), *cert. denied*, 502 U.S. 1109, 112 S.Ct. 1209–10, 117 L.Ed.2d 448 (1992). We therefore deny Appellant's claim of error.

■ Because Appellant's motion to vacate was filed after expiration of the deadline established by Rule 24.035(b), the grounds for relief pled in it were time barred and procedurally waived, *Phillips v. State*, 902 S.W.2d 318, 320–21[1] (Mo.App. S.D.1995), and Appellant relinquished his right to seek relief under that rule, *Leatherwood v. State*, 898 S.W.2d 109, 111[2] (Mo.App. S.D.1995).

The order of the motion court is affirmed.

PARRISH and SHRUM, JJ., concur.

---

**2.** The docket sheet shows the motion was filed November 14, 1995; however, the clerk of the motion court received it June 19, 1995, and mistakenly treated it as a copy of a motion in another case. Respondent's brief states: "Giving appellant the benefit of the doubt, the State accepts the date of June 19, 1995 as the filing date." We therefore assume, without deciding, that the motion was filed that date.

**3.** Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Consequently, the version of Rule 24.035 in Missouri Rules of Court (1995) governs this proceeding.