James SCOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. 16883.

Missouri Court of Appeals, Southern District, Division Two.

June 3, 1991.

J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found James Scott guilty of two counts of sodomy in violation of § 566.060.3, RSMo 1986. Scott's punishment was assessed at imprisonment for a term of five years on each count. It was ordered that the sentences be served consecutively and consecutive to a sentence imposed in another criminal case. Scott

was delivered into the custody of the Department of Corrections on January 8, 1986. On January 3, 1990, Scott, to whom we shall refer as the defendant, filed a motion for postconviction relief pursuant to Rule 29.15, Missouri Rules of Court (1990). Upon motion filed by the State, the defendant's motion was dismissed as untimely. The defendant thereafter filed a timely after-trial motion which was denied. He now appeals. We affirm.

The record before us affirmatively shows that the defendant was sentenced on January 6, 1986. The defendant did not appeal and filed no motion for postconviction relief pursuant to former Rule 27.26, which was replaced by Rule 29.15. When Rule 29.-15(m) was promulgated, the draftsmen provided that "... [I]f sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to [former] Rule 27.26, a motion under this [rule] may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, *shall constitute a complete waiver of the right to proceed under this Rule 29.15.*" (Emphasis added.)

The substance of the defendant's complaint set out in his postconviction motion is that he was denied the effective assistance of counsel. As that part of the rule we have quoted shows, the defendant's right to proceed under Rule 29.15 was waived by his failure to seek relief prior to June 30, 1988. In this court, the defendant vigorously argues that the time limitations imposed by Rule 29.15 are unreasonable and perhaps unconstitutional. The questions the defendant raises have been addressed and rejected. *Day v. State*, 770 S.W.2d 692, 695–96[1] (Mo.banc 1989). As much may be said of the defendant's argument that the time limits imposed by Rules 29.15 and 24.035 operate to suspend the writ of habeas corpus. *White v. State*, 779 S.W.2d 571 (Mo.banc 1989). The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.