**James Edward RODDEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17096.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 16, 1991.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Appellant was found guilty by a jury in the Circuit Court of Phelps County on June 28, 1984, of capital murder, § 565.001, RSMo 1978. Trial court sentenced appellant to serve a term of life imprisonment without the possibility of parole for fifty years. This court affirmed his conviction on direct appeal in *State v. Rodden*, 713 S.W.2d 279 (Mo.App.1986).

On July 1, 1988, appellant filed a *pro se* motion for postconviction relief pursuant to Supreme Court Rule 29.15. Appellant's counsel filed an amended motion on September 12, 1988. Appellant's *pro se* and amended motions allege, *inter alia*, that appellant received ineffective assistance of counsel in that his trial counsel had failed to subpoena or call to testify at trial a witness on his behalf.

An evidentiary hearing was held on February 15, 1989. On June 29, 1990, the motion court issued findings of fact, conclusions of law, and order denying appellant relief. It is from this order that the instant appeal ensues.

In his sole point on appeal, appellant claims that the motion court erred in denial of postconviction relief because his trial counsel was ineffective for failure to call a witness on his behalf at trial. Appellant concludes that had the witness been called at trial, she would have corroborated appellant's theory of self-defense which may have resulted in an acquittal. The trial court made findings of fact adverse to appellant on this point and overruled his motion.

We believe the trial court unnecessarily entertained appellant's motion under Criminal Rule 29.15 because the motion was not timely filed.

The relevant text of Criminal Rule 29.-15(m) states:

"If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall

constitute a complete waiver of the right to proceed under this Rule 29.15."

Appellant concedes that he filed his motion under Rule 29.15 after June 30, 1988, that he was sentenced prior to January 1, 1988, and did not file a motion pursuant to former Rule 27.26. Finally, he concedes that his postconviction motion is controlled by the provisions of Rule 29.15(m).

The record before us affirmatively shows that the appellant failed to file his motion under Criminal Rule 29.15 on or before June 30, 1988. Such failure shall constitute a complete waiver of his right to proceed under Rule 29.15. In *Day v. State*, 770 S.W.2d 692, 695–96[1] (Mo. banc 1989), our Supreme Court held that defendant's failure to file postconviction motions on or before the deadline specified in Criminal Rules 24.035 and 29.15 amounted to a complete waiver of their right to proceed under those rules. The same issue was presented to this court in *Scott v. State*, 809 S.W.2d 885 (Mo.App.1991), where appellant's motion for postconviction relief was dismissed as untimely by the motion court. We affirmed holding that appellant's right to proceed under Rule 29.15 was waived by his failure to seek relief prior to June 30, 1988.

Although the trial court heard the motion on the merits and denied it, its correct course of action would have been to enter an order of dismissal. Pursuant to Rule 84.14, this court hereby sets aside the order of the trial court, and in lieu thereof, enters the following order: "This proceeding is dismissed for the reason that it was not filed within the time limit prescribed by Rule 29.15(m), V.A.M.R."

As so amended, the judgment is affirmed.

FLANIGAN, C.J., SHRUM, P.J., and MAUS, J., concur.