Otis DAY, Appellant,

v.

STATE of Missouri, Respondent.

Andrew Lloyd TURNER, Appellant,

v.

STATE of Missouri, Respondent.

Rodney McKOWN, Appellant,

v.

STATE of Missouri, Respondent.

Andrew GLASS, Jr., Appellant,

v.

STATE of Missouri, Respondent.

Jacob L. GRAY, Donald R. Wade, Neal
E. Houston, Bernard Jackson,
Appellants,

v.

STATE of Missouri, Respondent.

Lovell WALKER, Appellant,

v.

STATE of Missouri, Respondent.

Lorenzo BARNES, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 71357–71360, 71443, 71444
and 71474.

Supreme Court of Missouri,
En Banc.

May 16, 1989.
Rehearing Denied June 13, 1989.

Dorothy M. Hirzy, Sp. Public Defender, Henry B. Robertson, Asst. Public Defender, St. Louis, Sean D. O'Brien, Public Defender, David S. Durbin, Lise Koenig, Asst. Public Defenders, Joseph H. Locascio, Sp. Public Defender, Kimberly K. Kellogg, Mark R. Bollinger, Asst. Sp. Public Defenders, Kansas City, for appellants.

William L. Webster, Atty. Gen., Breck K. Burgess, Elizabeth L. Ziegler, Asst. Attys. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

Consolidated post-conviction proceedings in which movants appeal the dismissal of their *Rule 24.035* and *Rule 29.15* motions because they were not timely filed. Affirmed.

Missouri was one of the first states to adopt a special procedure for post-conviction review. Former *Rule 27.26*, patterned after federal law, was adopted by this Court in 1952 and provided a means for state prisoners to challenge the validity of their conviction or sentence. *Rule 27.26* was adopted by this Court even though there is no federal constitutional requirement that a state provide a means of post-conviction review. *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981).

Under *Rule 27.26*, a motion to vacate, set aside, or correct a judgment or sentence could be filed at any time. Over the years the number of *Rule 27.26* motions filed skyrocketed and significant delays developed in processing prisoner's claims. Many of these claims were filed years after conviction.[1] To avoid these delays and to prevent the litigation of stale claims, this Court, upon the recommendation of a special committee, repealed *Rule 27.26*, and

adopted in its stead *Rules 24.035* and *29.15*. These rules, effective January 1, 1988, were designed to correct the problems which developed under *Rule 27.26*. *Rule 24.035* provides a procedure for challenging a conviction based on a guilty plea. *Rule 29.15* provides a means for challenging a conviction after trial. Both rules limit the time in which an action for post-conviction review may be filed. These time limitations are the subject of this appeal.

*Rule 24.035* reads in pertinent part:

RULE 24.035—CONVICTION AFTER GUILTY PLEA—CORRECTION

\* \* \* \* \* \*

(b) A person seeking relief pursuant to this *Rule 24.035* shall file a motion to vacate, set aside or correct the judgment or sentence.... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this *Rule 24.035* shall constitute a complete waiver of any right to proceed under this *Rule 24.035*.

\* \* \* \* \* \*

(e) When an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds....

(f) Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion

---

**1.** See Morris, *Postconviction Practice Under the "New 27.26"*, 43 Journal of the Missouri Bar 435 (1987).

for one additional period not to exceed thirty days....

(g) A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed.... If no request for hearing is timely filed ... a hearing shall not be held....

\* \* \* \* \* \*

(*l*) This *Rule 24.035* shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to *Rule 27.26*, a motion under this *Rule 24.035* may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this *Rule 24.035*....

Similar time limitations are found in *Rule 29.15*. These provisions are set forth as follows:

RULE 29.15—CONVICTION AFTER TRIAL—CORRECTION

\* \* \* \* \* \*

(b) A person seeking relief pursuant to this *Rule 29.15* shall file a motion to vacate, set aside or correct the judgment or sentence.... If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to *Rule 30.04*. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.... Failure to file a motion within the time provided by this *Rule 29.15* shall constitute a complete waiver of any right to proceed under this *Rule 29.15*.

\* \* \* \* \* \*

(e) When an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds....

(f) Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days....

(g) A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed.... If no request for hearing is timely filed ... a hearing shall not be held....

\* \* \* \* \* \*

(m) This *Rule 29.15* shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no motion has been filed pursuant to *Rule 27.26*, a motion under this *Rule 29.15* may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this *Rule 29.15*....

Movants Andrew Lloyd Turner, Rodney McKown, Otis Leonard Day, Andrew Glass, Jr., and Bernard Jackson pled guilty to crimes and were sentenced prior to January 1, 1988. None of the movants filed for post-conviction relief under *Rule 27.26*. Each movant filed a *pro se* motion under *Rule 24.035* after June 30, 1988. Turner, McKown, Day and Jackson filed on July 1, 1988. Glass filed on July 11, 1988. In each case the motion court ruled the motion was not timely filed under *Rule 24.035(l)* and the failure to file on or before June 30, 1988, constituted a complete waiver of the right to proceed.

Movant Lovell Walker pled guilty to a felony on July 31, 1985, and was sentenced to five years imprisonment on October 19, 1985. His sentence was suspended and he

was placed on probation for five years. Probation was revoked and the original sentence ordered executed on April 15, 1988. Walker was delivered to the custody of the Fulton Reception and Diagnostic Center on April 22, 1988. He filed a motion for post-conviction relief under *Rule 24.035* on July 26, 1988. The court dismissed the motion without a hearing on the ground it was not filed on or before June 30, 1988. *Rule 24.035(l)*. In overruling movant's motion to reconsider the court also found the post-conviction motion was not timely filed under *Rule 24.035(b)* because it was not filed on or before July 21, 1988, 90 days from the date of movant's incarceration.

Movants Jacob L. Gray, Donald Wade and Neal E. Houston were convicted of crimes and sentenced prior to January 1, 1988. No motions for post-conviction relief were filed under *Rule 27.26*. Each movant filed a *pro se* motion under *Rule 29.15* after June 30, 1988. Wade and Houston filed their motions on July 1, 1988. Gray filed on July 18, 1988. In each case the court dismissed the motion because not timely filed under *Rule 29.15(m)*. Each court found the failure to file on or before June 30, 1988 constituted a complete waiver of the right to proceed under *Rule 29.15*.

Movant Lorenzo Barnes was convicted by a jury of narcotic violations. He timely filed a *pro se* motion for relief under *Rule 29.15* on February 9, 1988. On February 24, 1988, the court appointed counsel. On April 29, 1988, counsel presented an amended motion, request for hearing, and motion to file the amended pleading out of time. The amended motion was not verified. The court denied the request for hearing as untimely pursuant to *Rule 29.15(g)*, and denied the motion for leave to file an amended motion out of time pursuant to *Rule 29.15(f)*. The court also dismissed the original *pro se* motion with prejudice for failure to state a cause of action.

■ The time limitations contained in *Rules 24.035* and *29.15* are valid and mandatory. States have substantial discretion to develop and implement programs for prisoners seeking post-conviction review.

*Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S.Ct. 1990, 1995, 95 L.Ed.2d 539 (1987). A state may erect reasonable procedural requirements for triggering the right to an adjudication, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982), including reasonable procedures governing post-conviction relief. *Wiglesworth v. Wyrick*, 531 S.W.2d 713, 717 (Mo. banc 1976).

The time limitations contained in *Rules 24.035* and *29.15* are reasonable. They serve the legitimate end of avoiding delay in the processing of prisoners claims and prevent the litigation of stale claims. The time limits contained in the rules are also, on their face, mandatory. Similar language contained in *Rule 29.11(b)* has been repeatedly held mandatory. *State v. Tucker*, 451 S.W.2d 91, 92 (Mo.1970); *State v. Brown*, 615 S.W.2d 626 (Mo.App.1981).

Time limitations in other procedural rules have been found to be valid. *See Tucker*, 451 S.W.2d at 92; and *State v. Jones*, 643 S.W.2d 34, 36 (Mo.App.1982), upholding the time limit on filing a new trial motion under *Rule 29.11(b)*, and former *Rule 27.20*. *See also State v. Lowe*, 365 S.W.2d 613, 614 (Mo.1963), and *State v. Manis*, 603 S.W.2d 706, 707 (Mo.App.1980), upholding the time limit on filing a notice of appeal under *Rule 30.01(d)*, and former *Rule 28.03*. Federal law also recognizes the validity of time limitations in procedural rules. *See Federal Rules of Civil Procedure, Rule 59(b); Federal Rules of Criminal Procedure, Rule 33; and Federal Rules of Appellate Procedure, Rule 4(a)(1), Rule 4(b)*. *See also United States v. Dukes*, 727 F.2d 34, 38 (2nd Cir.1984) (If motion for a new trial is not timely filed, a district court cannot consider it); and *Nelson v. Foti*, 707 F.2d 170, 171–72 (5th Cir.1983) (*Pro se* prisoner's appeal from denial of *habeas* relief would not be heard where filing of notice of appeal was delayed for 138 days).

Appellate review of the dismissal of a *24.035* or *29.15* motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Rule 24.035(j), Rule 29.15(j)*. Such findings and conclusions are deemed clear-

ly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Movants Turner, McKown, Day, Glass and Jackson were sentenced prior to January 1, 1988, and filed their motions for relief after June 30, 1988. Under the express terms of *Rule 24.035(l)*, their failure to file a motion on or before June 30, 1988, constituted a complete waiver of the right to proceed under the rule. *Rule 24.035(c)* specifies that the motion is to be filed with the clerk of the trial court and under *24.035(l)* it is the filing date that is conclusive. The motion courts were not clearly erroneous in concluding that movants waived their rights to proceed under the rule and in denying their claims.

Movant Walker was originally sentenced prior to January 1, 1988, but his sentence was suspended. Sentence was executed after January 1, 1988, and he was delivered to the custody of the department of corrections on April 22, 1988. The motion was filed with the trial court on July 26, 1988, well beyond the June 30, 1988 deadline contained in *Rule 24.035(l)*, and more than 90 days from the time movant was delivered to the department of corrections, *Rule 24.035(b)*. The conclusion of the court that Walker failed to timely file his application for post-conviction relief is not clearly erroneous.

■ Movants Gray, Wade and Houston were sentenced prior to January 1, 1988, and filed their motions after June 30, 1988. Under the express terms of *Rule 29.15(m)*, failure to file a motion on or before June 30, 1988, constitutes a complete waiver of the right to proceed under the rule. The lower courts were not clearly erroneous in concluding that movants failed to timely file their motions and in dismissing their claims.

■ Movant Barnes timely filed a *pro se* motion with the trial court under *Rule 29.15*. As grounds for vacating, setting aside or correcting the conviction or sentence, he alleged: "Testimony of key witnesses lacked probative value; been overlooked; misrepresented by court." Barnes did not claim that his conviction or sentence violated the United States or Missouri Constitutions, that the court in passing sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum authorized by law. *Rule 29.15(a)*. The court was not clearly erroneous in concluding that his *pro se* motion failed to state a claim for relief under *Rule 29.15*. The motion was properly dismissed.

■ Barnes also requested a hearing on his *pro se* motion more than 60 days after his counsel was appointed. *Rule 29.15(g)* states that a request for a hearing shall be made on or before the date an amended motion is required to be filed. *Rule 29.15(f)* states that an amended motion shall be filed within 30 days of the date counsel is appointed, although the trial court is authorized to extend the period for an additional 30 days. Because no motion for a hearing was filed within 60 days of the date counsel was appointed the motion court did not clearly err in denying the motion for a hearing. Barnes also sought to file an amended motion more than 60 days after his counsel was appointed. The amended motion was not verified. Under *Rule 29.15(f)* movant has a maximum of 60 days from the date counsel is appointed to file an amended motion and that motion must be verified by movant. The motion court was not clearly erroneous in concluding that the amended motion was filed out of time and in overruling that motion.

The judgments are affirmed.

All concur.