Donald Ray NEWELL,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15818.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 1989.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Donald Ray Newell appeals from an order of the Circuit Court of Butler County dismissing, on the ground of untimeliness, his Rule 24.035 [1] motion, seek-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

ing to vacate a judgment and sentence entered by that court on February 10, 1988. The conviction was based on movant's plea of guilty to a charge of murder in the second degree, § 565.021, and movant was sentenced to a term of 10 years' imprisonment.

Movant was delivered to the custody of the department of corrections on February 16, 1988. Movant filed his Rule 24.035 motion on May 31, 1988.

Referring to a Rule 24.035 motion, Rule 24.035(b) reads, in pertinent part:

"The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

 Movant's brief in this court concedes, with commendable candor, that movant's Rule 24.035 motion was not filed within the 90–day period. Movant's sole point seeks to mount an attack upon the validity of the 90–day time period prescribed by Rule 24.035(b).

"The time limitations contained in [Rule 24.035] are valid and mandatory." *Day v. Missouri,* 770 S.W.2d 692, 695 (Mo. banc 1989).

Movant's point has no merit.

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.