Ernest L. ATENCIO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42108.

Missouri Court of Appeals,
Western District.

Feb. 6, 1990.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, J., Presiding and SHANGLER and TURNAGE, JJ.

ULRICH, Judge.

Ernest L. Atencio appeals the denial of his Rule 24.035 motion, without a hearing, to vacate the trial court's judgment and sentence for sodomy (§ 566.060, RSMo 1986 [1]) and attempted rape (§§ 564.011 and

---

1. All statutory references are to the 1986 edition of the Revised Statutes of Missouri, unless otherwise stated.

566.030). Mr. Atencio was sentenced to a term of ten years incarceration for the sodomy conviction and to five years incarceration for the attempted rape conviction, the sentences to be served consecutively. The judgment is affirmed.

Mr. Atencio was charged by information in two counts filed on November 12, 1987, with having committed the offenses of sodomy and attempted rape. The information alleged that he was a persistent offender (§ 558.016). Mr. Atencio pleaded guilty to both counts of the information on February 1, 1988, pursuant to a plea agreement. The plea agreement provided that Mr. Atencio would be sentenced to ten years incarceration for the sodomy violation and five years for the attempted rape violation. He acknowledged when entering his pleas of guilty that he understood the sentences were to be served consecutively. He was delivered to the custody of the Department of Corrections by the DeKalb County Sheriff on February 9, 1988, to serve the sentences imposed.

Mr. Atencio filed a Rule 24.035 motion on May 2, 1988. On May 25, 1988, he filed a request for the dismissal of his Rule 24.035 motion, and on May 31, 1988, Mr. Atencio's motion was dismissed. On the same date, he filed a second Rule 24.035 motion. Counsel was appointed to represent Mr. Atencio on June 14, 1988, and an amended motion was filed September 27, 1988. The motion court ruled that Mr. Atencio's Rule 24.035 motion filed May 31, 1988, failed to request a hearing within the time provided by Rule 24.035(g), and the court considered the issues alleged in the motion without a hearing. The court filed its findings of fact and conclusions of law and denied Mr. Atencio's motion.

Mr. Atencio contends that the motion court's denial of an evidentiary hearing was erroneous because he requested an evidentiary hearing in his May 31, 1988, pro se motion for postconviction relief. However, this court considers, sua sponte, the timeliness of Mr. Atencio's second Rule 24.035 motion. Rule 24.035(b) provides in part that a motion under the rule "shall be filed within ninety days after the movant is delivered to the custody of the department of corrections." Mr. Atencio was delivered to the Department of Corrections on February 9, 1988, to commence serving the sentences imposed. His initial Rule 24.035 motion was dismissed on May 31, 1988, pursuant to his request. On the same date, he filed his second Rule 24.035 motion. The second motion was filed in excess of ninety days following his delivery to the custody of the Department of Corrections. A comparison of Mr. Atencio's May 2, 1988, motion and his May 31, 1988, motion indicates that he sought to add grounds attacking the judgment against him. A procedure for amending motions has been provided for in Rule 24.035(e) and (f). Mr. Atencio had appointed counsel and should have utilized the procedures set out in the rule for amending or otherwise changing his motion. A hearing on petitioner's motion would have been pointless because by failing to file his motion before the deadline provided for filing Rule 24.035 motions, the movant waived his right to proceed under the rule for postconviction relief. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

When the merits of a Rule 24.035 motion are considered, appellate review of the dismissal of the motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j). The motion court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.* at 696. Although the trial court denied Mr. Atencio's request for an evidentiary hearing because the request was not timely, the court considered the merits of his motion and denied it, effectively an ex gratia review. Review of the entire record supports the motion court's findings of fact and conclusions of law. It is unnecessary to articulate review of the findings of fact and conclusions of law, however, because Mr. Atencio's motion was not timely filed.

Dismissal of Mr. Atencio's motion was the proper result.

The judgment is affirmed.

All concur.