**Verna Mae JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57557.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 4, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1990.

Application to Transfer Denied
Nov. 20, 1990.

---

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

## ORDER

PER CURIAM.

On August 22, 1985 movant was convicted and sentenced to serve a term of life imprisonment without the possibility of parole for fifty years on the charge of capital murder. Section 565.001 RSMo 1978. On December 19, 1988 movant filed a *pro se* motion pursuant to Rule 29.15. Motion court denied relief after an evidentiary hearing and the entry of findings of fact and conclusions of law.

Movant's direct appeal was rejected by this court in *State v. Jones*, 726 S.W.2d 400 (Mo.App.1987).

The trial court properly found movant's motion was time barred by provisions of Rule 29.15(m). The provisions of the rule are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied* — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Although movant's claim must fail because the motion was filed late we have reviewed contentions of ineffective assistance of trial counsel regarding: (1) failure of trial counsel to impeach the testimony of movant's fifteen year old niece because of questionable intelligence level; (2) trial counsel denied movant the right to testify; (3) failure to produce a witness and obtain from her testimony that movant told her other named persons were planning to kill the victim. We have reviewed the legal file and the motion hearing transcript. The findings of fact and conclusions of law are fully supported by the record and are not clearly erroneous. No precedential value would be served by an extended opinion.

The judgment of the motion court is affirmed in accordance with Rule 84.16(b).