Rhonda Sue DUNAGAN,
Movant–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 16890.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 29, 1990.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Presiding Judge.

This is an appeal from an order of the Circuit Court of Barton County dismissing a Motion to Vacate, Set Aside or Correct the Judgment or Sentence filed by Rhonda Sue Dunagan (movant) pursuant to Rule 29.15. The court in which movant's 29.15 motion was filed (the motion court) dismissed the motion, without evidentiary hearing, for the reason that it was not timely filed. Rule 29.15(b). This court affirms.

Movant was convicted of the offense of selling marijuana, a controlled substance. § 195.020.1, RSMo 1986. Her conviction was affirmed on appeal. *State v. Dunagan*, 772 S.W.2d 844 (Mo.App.1989). In the course of her direct appeal, movant filed the trial transcript December 7, 1988.

Movant's 29.15 motion was filed in the Circuit Court of Barton County December 6, 1989. The motion court, after having appointed counsel to represent movant and after a hearing to determine whether an evidentiary hearing should be held, determined that movant did not file her 29.15 motion within the time prescribed by Rule 29.15(b) in that the motion was not filed within thirty days of the filing of the transcript in the direct appeal of the judgment in the underlying criminal case. The motion court dismissed the 29.15 motion.

Movant raises one point on appeal. She argues that the motion court erred in denying her 29.15 motion without evidentiary hearing for the reason that "the absolute deadline imposed by Rule 29.15(b)" denied her due process of law for the reason that she was not afforded the opportunity to attack the constitutionality of her judgment and sentence including the issue of whether she had ineffective assistance of counsel in the trial of her underlying criminal case. In *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), the Supreme Court of Missouri held the provisions of Rule 29.15 to be constitutional, rejecting challenges directed to the time prescribed for filing a motion pursuant to that rule. The court found that failure to file a post-conviction motion on or before the deadline specified in Rule 29.15(b) amounted to a complete waiver of the right to proceed under that rule. *Id.* at 696. That holding is determinative of the issue raised by movant in this appeal.

No error of law appears in the determination by the trial court that movant's 29.15 motion should be dismissed for the reason that it was not timely filed. Further opinion by this court would have no precedential value. The order dismissing movant's 29.15 motion is affirmed in compliance with Rule 84.16(b).

HOGAN and SHRUM, JJ., concur.