Ernest M. ATKINS, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 59099.

Missouri Court of Appeals, Eastern District, Division One.

June 4, 1991.

J. Bryan Allee, Columbia, for movant/appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

GRIMM, Judge.

Movant Ernest M. Atkins appeals the motion court's dismissal of his Rule 29.15 motion for post-conviction relief. The motion court dismissed his motion for lack of jurisdiction because it was not timely filed. We affirm the dismissal.

### I. Background

On January 6, 1988, a jury convicted movant of possession of a concealable firearm by a felon, in violation of § 571.070.[1] On February 26, 1988, his motion for new trial was overruled and he received a seven-year sentence, concurrent to a twenty-five year sentence he was serving. Notice of appeal was filed on March 7, 1988.

The record on appeal, including the transcript, was required to be filed within ninety days from the date of filing the notice of appeal. Rules 30.04 and 81.18. It was not filed, and on June 17, 1988, this court sent notice to movant's trial attorney. The notice advised the appeal would be dismissed if the record was not filed by July 5, 1988. The record was not filed.

On July 11, 1988, this court dismissed the appeal. The case record reflects, "On [court's] own motion appeal is dismissed for failure to comply with Supreme Court Rule 30.04." This court's mandate was issued August 4, 1988, directing that movant's sentence be executed.

On March 2, 1989, nearly seven months after the mandate was issued, movant filed a pro se Rule 29.15 motion for post-conviction relief. Movant alleged, among other grounds, that he lost his right to appeal due to his attorney's failure to perfect his direct appeal.

The motion court ordered counsel be provided for movant and on March 27, 1989,

counsel entered her appearance. She was granted an additional thirty days to file pleadings. On May 11, 1989, movant's counsel requested "the trial transcript for [the criminal trial]. Said transcript was prepared by Edsel Calvin and is necessary for the appeal of [the criminal case] and is also necessary for plaintiff's post conviction relief in this cause." The motion court granted this request. It appears, however, that the transcript was never prepared by the court reporter.

The legal file furnished us does not show what steps, if any, motion counsel took to obtain the trial transcript[2]. On April 2, 1990, the State filed a motion to dismiss for lack of jurisdiction. The motion quotes the following from Rule 29.15(b):

> If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.

The motion court sustained the motion to dismiss.

### II. Jurisdiction to Hear Rule 29.15 Motion

On appeal, movant claims it was error to dismiss the motion. He asserts the motion "was timely filed under Rule 29.15(b), in that [movant] had taken an appeal from his criminal judgment and that the trial transcript was not filed in the appellate court prior to the filing of [movant's] motion for postconviction relief." We disagree.

Rule 29.15(b) specifically addresses two possibilities. One is when the convicted movant takes a direct appeal of his criminal conviction. In such a situation, a movant has thirty days after the transcript is filed in which to file a Rule 29.15 motion.

---

1. All statutory references are to RSMo 1986.

2. On March 25, 1991, movant filed a motion to file affidavits; the motion was ordered taken with the case. The motion is denied; the affidavits relate to matters which occurred after the motion court dismissed the motion.

The second is where the convicted movant does not take a direct appeal. In this situation, the Rule 29.15 motion must be filed within ninety days after the movant is delivered to the custody of the department of corrections.

The facts before us do not fit precisely into either category. A direct appeal was filed, but it was dismissed because the record on appeal, the legal file and transcript, was not filed.

If, under the facts here, Rule 29.15(b) was interpreted so a dismissed appeal nevertheless meant an appeal "was taken," a movant could file a 29.15 motion any time, even years, after the dismissal of an appeal. Under such an interpretation, the time would never run as long as the transcript was not filed before the direct appeal was dismissed.

Such an interpretation would fly in the face of the express purpose of Rule 29.15. Rules 29.15 and 24.035 were adopted to avoid significant "delays and to prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989). Thus, when an appeal is dismissed, it would be inappropriate to use the filing of the trial transcript as the time when movant's thirty days begin to run for filing a Rule 29.15 motion.

On the other hand, it would not be fundamentally fair to apply the other contingency provided by Rule 29.15(b). If a dismissed appeal was tantamount to never having filed an appeal, and the dismissal occurred more than ninety days after the movant was delivered to the department of corrections, a movant would be barred from ever filing a Rule 29.15 motion. This would defeat the purpose of Rule 29.15, which is to provide "a means for challenging a conviction after trial." *Id.*

For instance, in this case, movant was apparently returned to the department of corrections about March 1, 1988. If this second contingency was applied, movant would have had ninety days from March 1 to file his Rule 29.15 motion, or until May 29. However, his direct appeal was not dismissed until July 11, some six weeks later.

As we have noted, in the factual situation before us, Rule 29.15(b) does not give a definitive answer. Keeping the spirit of the Rule 29.15(b) time limitations in mind, we find that at best movant had ninety days following the dismissal of his appeal to file his motion.

Movant's direct appeal was dismissed on July 11, 1988. His Rule 29.15 motion was not filed until March 2, 1989, considerably more than ninety days following the appeal's dismissal. The motion was not timely filed. The trial court did not err in dismissing the motion for lack of jurisdiction. Movant's point is denied.

We need not address movant's other allegations, charging the motion court with error in failing to enter judgment for movant, failing to remand, and failing to order a new trial. The motion court lacked jurisdiction to take any action other than to dismiss movant's motion.

The order of dismissal is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.