**Russell METCALF, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 17587, 17588.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 19, 1991.

---

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Russell Metcalf appeals from orders of the motion court entered on January 28, 1991, which dismissed his Rule 24.035 postconviction motions as untimely filed. His motion for postconviction relief sought to vacate, set aside or correct his convictions and sentences for possession of amphetamine, § 195.020, RSMo 1986, and delivery of amphetamine, § 195.200.1(4), RSMo 1986. Pursuant to pleas of guilty entered on June 1, 1990, Metcalf was sentenced on July 27, 1990, to an eight-year term of confinement for delivery of amphetamine conviction and a concurrent five-year term for the possession of amphetamine conviction.

Metcalf filed his *pro se* motions for postconviction relief under Rule 24.035 on November 7, 1990. The state filed a motion to dismiss the postconviction motions without an evidentiary hearing. A hearing was held by the motion court on the motion to dismiss and on January 28, 1991, the motion court issued findings of fact and conclusions of law dismissing appellant's motion as untimely filed.

The motion court found that appellant's *pro se* motion was not timely filed, as it was filed more than ninety days after appellant was delivered to the custody of the department of corrections. Rule 24.035(b) provides, "The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Appellant presents us with only this claim of error:

The motion court clearly erred by denying as untimely filed appellant's motion for postconviction relief pursuant to Missouri Supreme Court Rule 24.035 because the absolute filing deadline imposed by Rule 24.035 operated to deny appellant due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 14 of the Missouri Constitution in that the absolute filing deadline arbitrarily denied appellant relief because the rule makes no provision for late filing of a postconviction relief motion for good cause shown, and Rule 24.035 provides the exclusive means for a person under detention pursuant to felony convictions in Missouri to attack the constitutionality of that detention.

Appellant does not attack the finding of the motion court that his motion was filed more than ninety days after he was delivered to the custody of the department of corrections. The record before us does not show the date of delivery to the custody of the department of corrections, but only that the sentencing date was July 27, 1990. Because this point was not raised on appeal we need not address it. *Gover v. Empire Bank*, 574 S.W.2d 464, 468 (Mo.App.1979).

In this court the appellant vigorously argues that the time limitations imposed by Rule 24.035 are unreasonable and unconstitutional. The questions raised have been addressed and rejected. *Day v. State*, 770 S.W.2d 692, 695–96[1] (Mo. banc 1989). Appellant admits in his brief that the issues he raises have been considered and rejected by *Day*.

The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.