**STATE of Missouri, Respondent,**

v.

**Lamont LLOYD, Appellant.**

**Lamont LLOYD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 58972, 60251.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 1991.

Deborah B. Wafter, Melinda Kay Pendergraph, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Lamont Lloyd, was convicted, after a jury trial, of two counts of robbery in the first degree and one count of tampering in the first degree. He was sentenced as a prior and persistent offender to consecutive terms of imprisonment of ten years for each robbery count and a concurrent seven year term for tampering. Defendant also appeals the dismissal of his Rule 29.15 motion. We affirm.

Defendant was convicted of two separate robberies. In the first, defendant pointed a pistol at a couple and demanded that the woman surrender her purse. She complied and defendant fled. Defendant does not allege error with regard to the conviction for that robbery. Consequently, the following facts relate only to the second robbery and the tampering conviction.

The evidence on direct appeal, viewed in a light most favorable to the verdict, discloses that on October 12, 1989, a woman and her friend were walking on a street in the City of St. Louis. At approximately 12:30 a.m. defendant ran past the woman and took her purse off her shoulder. The woman's friend ran after the defendant. Defendant then turned and pointed a gun at the friend and said, "I got a gun." The friend stopped and defendant climbed into a black Jeep Cherokee and fled.

The friend got the license number of the jeep. He gave that number, along with a description of the perpetrator and the vehicle, to the police.

Approximately two hours later a St. Louis Police Officer spotted a jeep matching the description and bearing the license number given by the friend. The jeep also matched the description of a jeep reported stolen the previous day. The officer stopped the vehicle and found defendant behind the wheel. An inspection of the vehicle revealed that the steering column had been altered to allow the vehicle to start without a key. Defendant was arrested and subsequently charged with and convicted of robbery in the first degree and tampering in the first degree.

In his first point, defendant challenges the sufficiency of the evidence to support his conviction for robbery in the first degree. Specifically, defendant states that

the taking of the purse was not by force as required in the statute and that the later use of the weapon was unrelated to the taking of the woman's purse. We disagree.

If a defendant uses a deadly weapon in the course of forcibly stealing, he commits robbery in the first degree. *State v. Yancy*, 779 S.W.2d 712, 714–715 (Mo.App.1989). "Forcibly stealing" includes the use of force against any person to retain possession of stolen property. *State v. Sumpter*, 655 S.W.2d 726, 732 (Mo.App.1983); Section 569.010, RSMo (1986). "In the course of" refers to an entire transaction or occurrence. *Yancy*, 779 S.W.2d at 715.

Here, defendant took the purse off the shoulder of the woman and ran. The woman's friend ran after him to retrieve the purse. After about 20 yards defendant turned and pointed a gun at the friend. The jury could have reasonably believed that defendant used the weapon to retain possession of the purse. It is also reasonable for the jury to believe these acts constituted a single occurrence. The State made a submissible case. Defendant's point is denied.

Defendant next contends that there was insufficient evidence to support his conviction for tampering in the first degree. No jurisprudential purpose would be served by a written opinion on this point. Defendant's point is denied. Rule 30.25(b).

Finally, defendant appeals the dismissal of his Rule 29.15 motion. However, defendant concedes that his motion was untimely filed. Rule 29.15(b) states that "[f]ailure to file a motion within the time provided by this Rule 29.15 *shall* constitute a complete waiver of any right to proceed...." (emphasis added). The time limitations contained in Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Defendant's point is denied.

Defendant's convictions for two counts of robbery in the first degree and one count of tampering in the first degree are affirmed. The motion court's dismissal of defendant's Rule 29.15 motion is affirmed.

GRIMM, P.J., and SATZ, J., concur.