STATE of Missouri, Plaintiff–
Respondent,

v.

Terence LEMONS, Defendant–Appellant.

Terence LEMONS, Movant,

v.

STATE of Missouri, Respondent.

Nos. 57684, 59683.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 17, 1991.

Deborah B. Wafer, St. Louis, for defendant-appellant and movant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent and respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal arising from the defendant's conviction for forcible rape, § 566.030,[1] first degree burglary, § 569.-160, and armed criminal action, § 571.015. The convictions were obtained in the Circuit Court of Washington County and the defendant was sentenced to consecutive terms of thirty years imprisonment for the rape, fifteen years for the burglary and thirty years for the armed criminal action. On appeal the defendant alleges: (1) the trial court erred in excluding evidence that the victim had an abortion in January of 1989; and, (2) the motion court erred by dismissing the defendant's Supreme Court Rule 29.15 motion as untimely. We affirm.

The sufficiency of the evidence adduced at trial is not in dispute and this evidence showed the following: On November 2, 1988, at approximately 8:00 to 8:30 p.m. the defendant went to the apartment of S.A.M. She was alone with her eleven month old son and S.A.M. refused to allow the defendant to enter despite his repeated requests. The defendant finally left and S.A.M. locked the front screen, deadbolt and door knob and went to bed at approximately 9:00 p.m.

S.A.M. was asleep in the front bedroom of her apartment with her son when she was awakened by a noise. She went back to sleep but awoke again around 2:00 a.m. and the defendant was standing beside her bed. S.A.M. asked the defendant to leave, but he refused and removed his clothing and exhibited a knife. The defendant removed S.A.M.'s underpants and attempted to remove her tee-shirt but was unsuccessful since he was choking her. Because of his action the victim removed the tee-shirt herself.

1. All statutory references are to RSMo 1986.

The defendant then began to rape her despite her repeated pleas for him to stop. This awakened the baby and he began to cry, whereupon the defendant lifted the baby off the bed and threw him on the floor. When the baby screamed the defendant allowed her to rock him back to sleep. After the baby went back to sleep the defendant again raped S.A.M. The defendant then made her go to the bathroom with him and clean both of them. The defendant finally left S.A.M.'s apartment at approximately 6:00 a.m. whereupon she ran to a friend's house to call the police. The victim, who knew the defendant through his sister, identified the defendant to the police and he was quickly apprehended.

At the trial the state introduced physical evidence of hair samples collected from S.A.M.'s apartment. A chemist testified that tests of the hair samples revealed they were "quite similar" to appellant's hair, but he could not be conclusive. In addition, the state introduced testimony of another woman who stated the defendant had borrowed some sugar from her around 8:30 p.m. on November 2, 1988. The woman testified the defendant returned at approximately 12:30 that night to return the sugar bowl and repeatedly requested entrance into her apartment which she refused.

The defendant's defense was that he never left his sister's apartment on the evening of November 2–3, 1988. In addition, the defendant testified that he had consensual sexual relations with the victim prior to the alleged rape on November 3. The jury found the defendant guilty as charged of rape, burglary in the first degree and armed criminal action. The defendant was sentenced to consecutive terms of thirty years, fifteen years and thirty years imprisonment respectively on those convictions.

Following the defendant's conviction he filed a motion under Rule 29.15 which was dismissed by the motion court as untimely. The defendant appeals both the denial of this motion and the judgment of the trial court.

In his first point the defendant claims the trial court erred in excluding evidence that the victim had an abortion in January of 1989 since this evidence would be significant to demonstrate a motive for the victim to lie. The defendant's argument is that S.A.M., a white woman, became pregnant as a result of consensual sexual intercourse with the defendant, a black man, and had she given birth to a biracial child her white boyfriend would have learned that she had sexual relations with another man. Thus, the defendant alleges, S.A.M. fabricated the rape on November 3rd to explain her need for an abortion rather than reveal her relationship with the defendant. The trial court allowed in evidence of the alleged prior consensual sexual relation but refused to allow in any evidence of the abortion because it was not relevant and was prejudicial.

The trial court is vested with broad discretion in determining the relevancy of evidence and, absent a clear abuse of discretion, this court should not interfere with the trial court's ruling. *State v. Brown*, 718 S.W.2d 493, 494 (Mo. banc 1986). Evidence is relevant if it tends to prove or disprove a fact in issue or to corroborate evidence which is relevant and which bears on the principal issue. *State v. D.A.R.*, 752 S.W.2d 910, 912 (Mo.App.1988). We agree with the trial court's determination that evidence of the abortion is not relevant here.

If S.A.M. were to have lied about the November 3rd rape her motivation to lie would necessarily have come before that date. Therefore, it is obvious that the abortion, which took place approximately two months after the alleged rape, did not give her the motive to lie. In addition, if the pregnancy were the motivation for S.A.M. to fabricate the rape, as the defendant alleges, this pregnancy would have been known by her prior to the November 3rd rape. The defendant alleges that S.A.M. became pregnant from the disputed consensual sexual intercourse with the defendant on October 20th and that the abortion is relevant as evidence of this pregnancy. The defendant is correct that the abortion is evidence of a pregnancy but he fails to note that a pregnancy which occurred

after November 3rd would be irrelevant. In that only evidence of a pregnancy before the November 3rd rape would be relevant, the evidence of the abortion in question is not relevant. Evidence of the abortion does not make it any more likely that S.A.M. knew she was pregnant when she allegedly fabricated the rape story as compared to the possibility that she became pregnant after the November 3rd rape. Thus, the trial court was correct in denying evidence as to the victim's abortion.

Contrary to the defendant's argument, the trial court's ruling that evidence of the abortion was inadmissible did not preclude the defendant from putting on evidence of S.A.M.'s motive to lie. Even if the defendant had no evidence that S.A.M. became pregnant prior to November 3rd the defendant still could have argued, as he did in his response brief, that the fear of pregnancy is what motivated her to fabricate the rape. The court allowed in evidence of the alleged consensual sexual relations between the defendant and the victim on October 20th, thus, the defendant could have argued that S.A.M. feared becoming pregnant from this encounter and therefore fabricated the rape in case of a subsequent pregnancy. However, evidence of an abortion would still be irrelevant in that evidence of a pregnancy would not be necessary for this theory. Point denied.

The defendant's second point on review is that the motion court erred in dismissing the defendant's Rule 29.15 motion as untimely. The defendant argued that this denied him due process of law and equal protection of the law because the rule as written and applied fails to take into consideration individual circumstances, such as the defendant's limited intellectual ability, which would justify a late filing. Rule 29.15 requires such a motion to be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04.

Appellate review of the dismissal of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). In *Day* the court found the time limitations of Rule 29.15 to be valid and mandatory. *Id.* Here, the defendant filed a transcript on April 6, 1990 and then filed his Rule 29.15 motion on May 10, 1990, more than thirty days later. This is untimely under Rule 29.15 and the decision of the motion court is not erroneous. Point denied.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.