**Shon TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59988.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

David Bruns, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 relief without an evidentiary hearing. On October 17, 1989, movant pled guilty to one count of illegal sale of a Schedule II controlled substance, cocaine, in violation of § 195.020 RSMo 1986 (now repealed) in Cause No. 891–1623. The court accepted the plea and suspended imposition of sentence. It placed movant on one year probation. During his probation movant entered a plea of guilty in Cause No. 901–0678 to illegal sale of a controlled substance, cocaine, and illegal possession of a controlled substance, cocaine. On these pleas the court sentenced movant to concurrent sentences of ten and seven years imprisonment. These sentences were never the subject of a motion for Rule 24.035 relief.

On August 31, 1990, the court revoked movant's probation in Cause No. 891–1623 and sentenced him to ten years imprisonment to be served consecutively to the sentences imposed in Cause No. 901–0678. Movant then timely filed a Rule 24.035 motion for post conviction relief in Cause No. 891–1623. In his motion movant alleged his pleas in Cause No. 901–0678 were involuntary because defense counsel in Cause No. 901–0678 promised all sentences, including the probation revocation sentence in Cause No. 891–1623, would run concurrently. The complaint was directed at counsel in the later cases, not the first, but the motion was filed in the first plea case.

The motion court denied movant's request for an evidentiary hearing. It found movant knowingly and voluntarily entered his guilty plea in Cause No. 891–1623, the first plea case because there was no promise made in connection with that plea. The court stated: "Movant's proper recourse would be [have been] to file a Rule 24.035 motion in Cause No. 901–0678. . . ."

█ On appeal movant invites us to address the issue because the time lapsed for him to file a Rule 24.035 motion in Cause No. 901–0678 or, in the alternative, to assume he listed the wrong cause number because the allegations in the motion apply to Cause No. 901–0678. We can and will do neither. The time limits of Rule 24.035 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Additionally, the record does not support a finding movant merely listed the wrong cause number. In the motion movant provided information which indicates he intended to file the motion only in Cause No. 891–1623. He alleged his counsel in Cause No. 901–0678 misled him but does not allege he was misled in his original guilty plea entered in Cause No. 891–1623.

The findings and conclusions of the motion court are supported by the record, not clearly erroneous. Rule 24.035(j). Judgment is affirmed.

SMITH, P.J., and AHRENS, J., concur.