Steven TURNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 17974.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 19, 1992.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Movant, Steven Turner, pleaded guilty on May 16, 1990, to three counts of first degree robbery, § 569.020, and three counts

of armed criminal action, § 571.015.[1] He was sentenced as a prior offender to concurrent terms of 25 years on each count. Movant was delivered to the custody of the Missouri Department of Corrections on May 22, 1990.

On September 5, 1991, movant filed a pro se motion for postconviction relief under Rule 24.035.[2] Later, appointed counsel filed an amended motion incorporating allegations of the original motion along with other stated grounds for relief. An evidentiary hearing was requested. The allegations made by movant are not germane to the single issue on appeal.

The State moved to dismiss movant's motion without an evidentiary hearing. The motion court sustained that motion finding that movant's motion for postconviction relief was not timely filed.

Rule 24.035(b) requires a motion under that rule "be filed within ninety days after the movant is delivered to the custody of the department of corrections." Here, movant waited well over one year to file his motion.

In his only point on appeal, movant alleges the motion court erred because "the absolute filing deadline imposed by Rule 24.035 operated to deny appellant due process of law" and because "the time limitations contained in the rules are unreasonably stringent and harsh...." In short, movant argues that "the unreasonable time limitations of Rule 24.035 violate due process."

Movant's complaint has no merit. In *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied, sub. nom., Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), our Supreme Court decided the time limitations in Rule 24.035 and Rule 29.15 are valid, mandatory and reasonable.[3] "They serve the legitimate end of avoiding delay in the processing of prisoners['] claims and prevent the litiga-

tion of stale claims." *Id.* at 695. Relying on *Day*, the Court in *Kendrick v. State*, 804 S.W.2d 386 (Mo.App.1991), determined the time limitations in Rule 24.035 do not "violate the movant's rights to due process or equal protection." *Id.* at 387.

■ Movant's desire for relief in federal court does not alter the duty of this court. We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *State v. Wilson*, 795 S.W.2d 590, 591 (Mo.App.1990). The holding in *Day* applies directly to our decision here.

■ By failure to file a motion within the time provided in Rule 24.035, movant completely waived any right to seek relief under the rule. Rule 24.035(b).

The judgment is affirmed.

FLANIGAN and PREWITT, JJ., concur.

---

1. Statutory references are to RSMo 1986.

2. Rule references are to Missouri Rules of Court (1991).

3. Movant acknowledges *Day* is contrary to his contention, but "presents this claim in the event

federal authority might evaluate and determine the time frame in the postconviction rules do not comport with due process to afford incarcerated persons an adequate opportunity for review of the convictions."