**Russell L. GROMOWSKY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18599.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 30, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On November 27, 1989, Appellant, Russell L. Gromowsky, pled guilty to two felonies. Pursuant to a plea agreement, the trial court (a) sentenced Appellant to two consecutive five-year terms of imprisonment, (b) suspended execution of the sentences, and (c) placed Appellant on probation for five years.

On October 10, 1990, the trial court revoked Appellant's probation and ordered the sentences executed. Appellant was delivered to the Department of Corrections on October 11, 1990.

Twenty-two months later, on August 13, 1992, Appellant filed in the trial court a document styled "Motion For Leave To File Out Of Time Post-conviction Motion Under Rule 24.035." It was accompanied by a motion to vacate the judgment and sentence as to both felonies.

After certain procedural activity which need not be recounted, the trial court on January 12, 1993, entered an order stating, in pertinent part: "COURT OVERRULES THE MOTION FOR LEAVE TO FILE POST CONVICTION MOTION OUT OF TIME." Appellant brings this appeal from that order. His sole point relied on reads:

> The motion court clearly erred in denying Appellant's motion for postconviction relief as untimely filed because the absolute filing deadline imposed by Rule 24.035 operated to deny Appellant due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 10 and 14 of the Missouri Constitution in that the unreasonable time restrictions prevented adequate postconviction relief of Appellant's challenges to his guilty plea and sentences. . . .

The point is slightly incorrect. In the order appealed from, the trial court denied Appellant's motion for leave to file his tendered motion for post-conviction relief; the trial court did not deny the motion for post-conviction relief. However, the effect was the same—the trial court determined Appellant was ineligible for post-conviction relief because he waited too long to seek it. We shall therefore address the point's constitutional attack on Rule 24.035.[1]

Rule 24.035(b) reads, in pertinent part:

> . . . The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.

The deadline for filing a motion under Rule 24.035 is mandatory and cannot be extended by the trial court. *Wilkins v. State*, 802 S.W.2d 491, 504[28] (Mo. banc 1991), *cert. denied.* — U.S. ——, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). Failure to file a Rule 24.035 motion on or before the specified deadline constitutes a complete waiver of the right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 696[2] (Mo. banc. 1989), *cert. denied sub nom., Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

With commendable candor, Appellant concedes the Supreme Court of Missouri held the time limitations in Rule 24.035 were constitutionally valid in *Day*, 770 S.W.2d at 695[1]. Appellant acknowledges the constitutional challenge asserted in his point relied on has been raised *ad nauseam* and rejected. However, explains Appellant, he raises it here for preservation purposes in the event a federal court reaches a result contrary to *Day*.

We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *Turner v. State*, 839 S.W.2d 46, 47[1] (Mo.App.S.D.1992). Appellant's point relied on is controlled by *Day*.

Applying *Day*, we reject Appellant's attack on the time limitation in Rule 24.035(b). His failure to file his Rule 24.035 motion within that time limitation constituted a complete waiver of the right to proceed under the rule. *Day*, 770 S.W.2d at 696[2]. Consequently, the trial court did not err in denying Appel-

---

1. Rule references are to Missouri Rules of Criminal Procedure (1992).

lant leave to file his time-barred 24.035 motion.

The order appealed from is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.