**STATE of Missouri, Respondent,**

v.

**James BARNES, Appellant.**

**James BARNES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65888, 67700.

Missouri Court of Appeals,
Eastern District,
Division One.

March 5, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth L. Ziegler, Special Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

This is a direct appeal after a bench-trial, judgment and sentence on charges of assault second degree and armed criminal action. Defendant also appeals a rejection of his 29.15 motion for relief after an evidentiary hearing.

We view the evidence in the light most favorable to the verdict. Defendant, his girlfriend, the victim and another tenant all lived in a two-story boarding-house. The house was divided into three one-bedroom apartments with the kitchen and dining room as common areas. Defendant and the victim had a history of friction between them. One evening, the victim and defendant began arguing, then wrestling with each other. Defendant shot the victim in the head.

At trial, a neurosurgeon, a police officer, an evidence technician, the victim's wife, and one of the tenants testified for the state. Defendant also testified and denied the charges.

The only issue on direct appeal is sufficiency of proof. We review the claim of insufficiency of evidence in accord with *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). There was direct evidence from the testimony of a tenant who only heard the fighting and the shooting which occurred outside his door. He testified the victim, defendant and he lived in the boarding-house together. The only persons with a key to the house were defendant, his girlfriend, the victim, the landlord, and himself. On the night of the shooting, he heard defendant and the victim arguing. He recognized defendant's voice and heard him tell the victim he wanted to talk to him. He heard defendant ask the victim, "Why did you cut the phone line?" At the time, defendant had the only phone in the house. He heard wrestling in the hallway outside his door. He heard defendant tell the victim to "let me loose," or, "turn me loose." Seconds later, he heard a gunshot followed by someone rushing down the stairway from the second to the first floor. Immediately thereafter, he opened his door and saw the victim lying in the hallway with a gunshot wound to his head.

This evidence was not, as defendant argues, "inherently unreliable." The testimony of a single witness is sufficient to establish the identity of a defendant if the jury believes it beyond a reasonable doubt. *State v. Taylor*, 779 S.W.2d 636, 640 (Mo.App. 1989). Here, the testimony of an ear-witness is sufficient to support inferences which, in turn, supported the verdict. There was both direct and circumstantial evidence defendant argued with and shot the victim in a place accessible only to the witness, the victim and defendant. In determining the sufficiency of evidence, the testimony of a witness who hears is as reliable as one who sees. The testimony provided evidence of motive and opportunity. Point denied.

Defendant next contends the trial court erred in denying his Rule 29.15 motion as untimely because the filing deadline deprives him of due process. He acknowledges *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989) requires rejection of his late-filed motion for post conviction relief under Rule 29.15. He raises this issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court in *Day*." The time limitations contained in Rule 29.15 are valid and mandatory. *Day*, 770 S.W.2d at 695. Point denied.

REINHARD, P.J., and CRANDALL, J., concur.