**Currie MOORE, Movant/Appellant,**

v.

**STATE of Missouri, Plaintiff/Respondent.**

**No. 69535.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 16, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1996.

Patrick T. Conroy, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

### ORDER

PER CURIAM.

Movant pled guilty to possession of a controlled substance, § 195.202, RSMo 1994, and distribution of a controlled substance near a school, § 195.214, RSMo 1994. Movant was sentenced to concurrent terms of seven and thirty years' imprisonment, respectively. He was delivered to the custody of the Department of Corrections on June 6, 1993. On May 17, 1995, Movant filed a Rule 24.035 motion for post-conviction relief, which was denied as untimely.

On appeal Movant contends the mandatory time limits of Rule 24.035 violate due process rights as well as rights contained in the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States. We deny Movant's appeal. The time constraints of Rule 24.035 are constitutionally valid and are mandatory by their terms. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The constraints do not violate the rights of due process or equal protection. *Dwyer v. State,* 781 S.W.2d 574 (Mo.App.1989).

Judgment affirmed pursuant to Rule 84.16(b)(2).