**Kent Travis MOSS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 73501.**

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 8, 1998.

Susan W. McGraugh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

Before ROBERT G. DOWD, Jr., C.J., and KAROHL and HOFF, JJ.

### ORDER

PER CURIAM.

Kent Travis Moss (Movant) appeals from the judgment dismissing his Rule 24.035 motion for post-conviction relief as untimely.

He acknowledges that his motion was filed outside the time limitations as set forth in Rule 24.035. However, he challenges the constitutionality of Rule 24.035, contending the absolute filing deadline imposed by rule 24.035 violates his constitutional rights.

This issue has been previously addressed by the Missouri Supreme Court, who held that the time limits in Rule 24.035 are constitutional and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *See also, State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992); *State v. Twenter,* 818 S.W.2d 628, 644 (Mo. banc 1991). The Supreme Court has specifically noted that the time limits "serve the legitimate end of avoiding delay in the processing of prisoners claims and prevent the litigation of stale claims." *Day,* 770 S.W.2d at 695.

The trial court did not clearly err in dismissing Movant's Rule 24.035 motion as untimely. Rule 24.035(k); *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992). An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).