**Inez McCLENDON, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 78113.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 2001.

Inez McClendon, Vanndalia, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty., Gen., Jefferson City, for Respondent.

Before MOONEY, P.J., SIMON, J., and SULLIVAN, J.

*ORDER*

PER CURIAM.

Inez McClendon (Movant) appeals the judgment of the trial court denying her

1. All rule references are to Mo. R.Crim. P.2000, unless otherwise indicated.

2. Movant continually refers to her motion as one under Rule 24.035, which applies after a plea of guilty. She also asserts error in her

Rule 29.15[1] motion as untimely. We affirmed her convictions for first degree robbery and armed criminal action on direct appeal. *State v. McClendon,* 987 S.W.2d 513 (Mo.App. E.D.1999). We issued the mandate on April 29, 1999. Movant filed her Rule 29.15 motion almost one year later, on March 24, 2000, outside the time limitations of Rule 29.15(b). She argues on appeal that she did not understand the procedure under Rule 29.15.[2]

We have reviewed the briefs of the parties and the record on appeal and conclude the trial court's determination is not clearly erroneous. Rule 29.15(k). The Missouri Supreme Court has held the time limits in Rule 29.15 are constitutional and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). An extended opinion would have no precedential value. We affirm the judgment pursuant to Missouri Rule of Civil Procedure 84.16(b).

"guilty plea" because she thought she was going to obtain probation. However, Movant did not plead guilty and instead, was convicted after a bench trial. As such, even if her claim were timely, it would have no merit.